

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

July 31, 1944

GROVER SELLERS
ATTORNEY GENERAL

Honorable Hall H. Logan
Acting Director
Postwar Economic Planning Commission
Austin, Texas

Dear Sir:

Opinion No. O-6106
Re: Authority of Postwar
Economic Planning Com-
mission to purchase
supplies under State
contracts.

Your opinion request of July 6, 1944, reads in part as follows:

"The Legislature, in the last session, created the Postwar Economic Planning Commission. There was no appropriation of State funds. This is being financed entirely by contributions from various companies of the State.

"We are very anxious to conserve these funds by using them as economically as possible. We should like to have your opinion as to whether we are entitled to purchase supplies and other articles on State contract prices."

We understand that your Commission is primarily concerned with the purchasing of stationery and similar supplies; consequently, we shall discuss your question with reference to such supplies. In this connection, Article 608 V.A.C.S., provides in part as follows:

"The Board (of Control) shall contract for a term of not exceeding two years with responsible persons, firms, corporations or associations of persons, who shall be residents of Texas, for supplying to the State all printing, binding, sta- tionery and supplies of like character for all de- partments, institutions and boards, save and except such work as may be done at the various educational and eleemosynary institutions . . ."

COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Hall H. Logan, page 2

.In our opinion, your Commission is a State board of the type covered by this Article and may avail itself of contracts executed under the authority of this Article.

The Postwar Economic Planning Commission was created by a concurrent resolution of the Legislature, which resolution was approved by the Governor. H.C.R. No. 33, Acts 48th Leg., R.S., p. 1084. Pertinent portions of this resolution read as follows:

"WHEREAS, There will be approximately ten million (10,000,000) men and women in the Armed Services and Auxiliaries to return to peacetime employment after the war is over; and

"WHEREAS, There will be millions of men and women to be transferred from war industries to peacetime employment; and

"WHEREAS, The magnitude of this undertaking is such that it would be unwise to postpone its study until the war is over; and

"WHEREAS, The whole responsibility of solving this problem should not be forced upon Federal officials; and

"WHEREAS, There should be a continuity of the study of this subject; and

"WHEREAS, There has been much criticism of concentration of power in Washington during peacetime; and

"WHEREAS, It behooves the States to be prepared to enact State legislation and recommend Federal legislation dealing with the Postwar economy; and

"WHEREAS, Unless preparations are made for the Postwar period, undesirable economic policies could be adopted during the confusion; therefore, be it

"RESOLVED by the House of Representatives, the Senate concurring, That a Postwar Economic Planning Commission be created and said Commission is hereby created. Said Commission shall consist of thirty-one (31) members to be appointed by the Governor of Texas, one member to be designated as Chairman. Said members will receive no compensation from the State for services rendered. At its first meeting or at a time after the first meeting set by the Commission, such other officers as may be desired shall be elected. Said Commission will formulate its own rules and set the time and place for meetings. One member of said Commission shall be a member of the Texas Manufacturers Association, one shall be a member of the Mid-Continent Oil and Gas Association, one shall be a person

Honorable Hall H. Logan, page 3

who has demonstrated his interest in Agriculture,
one shall be a member of the Texas Press Association,
one shall be a member of the Texas Newspaper Publishers
Association, one shall be a member of the American
Legion, one shall be a member of the Texas Federation
of Women's Clubs, one shall be a licensed Engineer,
one shall be a licensed Architect, one shall be a mem-
ber of the Texas Bar Association, one shall be a member
of the Texas State Teachers Association, one shall be
a member of the East Texas Chamber of Commerce, one
shall be a member of the South Texas Chamber of Com-
merce, one shall be a member of the West Texas Chamber
of Commerce, one shall be a person who has demonstrated
his interest in Labor, one shall be a member of the
Texas County Judges and Commissioners Association,
one shall be a president of an institution of higher
learning, one shall be a member of the Texas State
Medical Association, one shall be a member of the Texas
Sheep and Goat Raisers Association, one shall be a
member of the Texas Motor Transportation Association,
one shall be a member of the Texas Good Roads Associa-
tion, one shall be a member of the Texas Bankers Asso-
ciation, one shall be a member of the Texas Cattle
Raisers Association, one shall be a person who is
associated with the Railroads, one shall be a member
of the Texas Lumberman's Association, one shall be a
member of the Texas Senate, one shall be a member of
the Texas House of Representatives, and four (4) shall
be members at large. The Governor shall have the power
to fill vacancies. It shall be the duty of the Post-
war Economic Planning Commission to make a study of the
Postwar economic problems, cooperate with other groups,
local, State and National, that are studying this sub-
ject, invite and consider suggestions from interested
individuals, make reports of its deliberations to the
public, make recommendations to public officials, and
formulate policies for an orderly transfer of persons
in the Armed Services, Auxiliaries and war industries
to peacetime employment; and ."

In the case of Terrell v. King, 14 S.W. (2d) 786, objection
was made to the payment of State funds to members of a committee
created by the legislature on the grounds, inter alia, that the
committee was created by a concurrent resolution rather than by a
statute and that the committee included persons who were not members
of the legislature. With reference to these contentions, our Supreme
Court said:

Honorable Hall H. Logan, page 4

"The fact that some members of the committee were
to be private citizens did not invalidate the resolution.
The Legislature was clearly empowered to appoint a com-
mittee with authority to employ all outside help or
counsel needed to accomplish the purposes of the pro-
posed investigation and inquiry. Just as clearly was
the Legislature authorized to create a commission of
nonmembers to investigate all matters of taxation re-
ferred to in the resolution and to report findings and
recommendations to a subsequent session of the Legisla-
ture...No less effect should be given to the designation
of outside experts by the Governor, by direction of the
Legislature, than would be given to their designation
directly by the Legislature, or its committee duly au-
thorized. Viewing the resolution as a whole, in the
light of its obvious intent, it provided for a committee
which the Legislature was authorized to create in the
exercise of its constitutional legislative power.

"It is no longer an open question in Texas that a
joint resolution of both houses, approved by the Governor,
reflects the command and will of the state in one of the
modes prescribed by the Constitution, and is as binding
as a statute. Since the Tax Survey Committee was to func-
tion only temporarily, a resolution of both houses, ap-
proved by the Governor, was the most appropriate method
by which to create the committee and define its duties
and finance its operations. . ."

Under the implications of this case, we feel that the
Postwar Economic Planning Commission is not a mere private organi-
zation bearing the endorsement of the Legislature and of the Gov-
ernor; rather, we feel, the Commission is a regularly created
agency of the State, existing by virtue of the State and exercis-
ing powers conferred upon it by the State.

With reference to the method of handling printing accounts,
Article 615 V.A.C.S., provides:

"All accounts for printing done, or stationery fur-
nished, except for the Legislature when in session,
shall be audited in the following manner: The accounts
shall be verified by the affidavit of the contractor that
it is true and correct, that the amount of work charged
for has actually been performed, or the actual amount of
stationery and supplies have been delivered, and that the
prices charged in the account are in accordance with the

stipulations of the contract. The account shall be accompanied by a sample of the work done, and a receipt from the department to which the goods were delivered. The account shall be examined by the Chief of the Division of Public Printing, and, when certified by him as correct, approved by the department to which delivery was made. After having been thus examined and approved, the Comptroller shall issue his warrant for payment of account out of funds appropriated for that purpose."

Since your Commission receives no appropriation, it will be impossible for the exact terms of Article 615 to be followed in the procurement of your printing supplies. In our opinion this fact does not prevent the Commission from availing itself of State contracts, and the difficulty may be obviated by having the approved accounts submitted to the Commission and by having payments made directly by it.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By R. Dean Moorhead

R. Dean Moorhead
Assistant

RDM/JCP

APPROVED APR 4, 1944

(Acting) ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN